UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Isaacs,

    Plaintiff,

    v.                                      Case No. 1:12cv777

Commissioner of Social Security               Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's December 2, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 14.)

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 15.)

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. Plaintiff limits his objections to the Magistrate Judge's finding that the ALJ properly weighed the opinion of Dr. Soto and properly determined Plaintiff's RFC. Plaintiff argues that when Plaintiff's impairments are considered in combination, Plaintiff's RFC would necessarily be limited to sedentary exertion. Plaintiff argues that Dr. Soto's opinion supports this conclusion.

Plaintiff is correct that Dr. Soto's opinion would support a finding Plaintiff is not

capable of light work and only capable of sedentary work. The VE testified that the limitations provided by Dr. Soto in her August 2010 opinion would "limit him to sedentary work activity just based on that sitting and limited standing as well as the lifting. Both of those would put him in the sedentary category." (Tr. 73).

However, the ALJ did not err in his decision to give little weight to the opinion of Dr. Soto. The ALJ explained that he considered "all symptoms and to the extent which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 28.) As SSR 96-4p explains:

> 20 CFR 404.1529 and 416.929 provide that an individual's symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect the individual's ability to do basic work activities . . . unless medical signs and laboratory findings show that there is a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptom(s) alleged.

In addition, SSR 96–7 states that any medically determinable impairment resulting in symptom-related functional limitations and restrictions reported by the claimant or treating source should be taken into account as long as it can reasonably be accepted as consistent with the objective medical evidence. *Taylor v. Comm'r of Soc. Sec.*, 3:12-CV-00272, 2013 WL 4008174, *10 (S.D. Ohio Aug. 5, 2013).

However, the ALJ found that Dr. Soto's August 2010 opinion was inconsistent with the objective medical evidence and her previous statements. (Tr. 30.) Specifically, the ALJ noted that Dr. Soto's August 2010 opinion stated that Plaintiff could not walk more than two or three city blocks without rest or severe pain. (Id.) However, Dr. Soto's previous statements indicated that Plaintiff could walk and stand with no difficulty. (Id.) The ALJ noted that Dr. Soto's May 2009 report and Dr. Swedberg's exam were

essentially normal despite Plaintiff's complaints of back pain. (Id. at 29.) The ALJ also explained that Dr. Soto's opinion appeared "to be based on the claimant's subjective complaints, which appear out of proportion to clinical findings." (Id. at 30.)

Because the ALJ did not give Dr. Soto's opinion controlling weight, the ALJ was not required to incorporate Dr. Soto's limitations into the RFC. As the Sixth Circuit has explained:

> It is true that an ALJ must determine a claimant's residual functional capacity, considering "numerous factors" including "medical evidence, non-medical evidence, and the claimant's credibility." *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed.Appx. 435, 443 (6th Cir. 2010); *see* SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996); SSR 96–8p, at *5. In doing so, an ALJ must give "greater deference" to treating physicians, who are typically best able to present a detailed picture of the claimant's impairment. However, "the opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician." *Massey v. Comm'r of Soc. Sec.*, 409 Fed.Appx. 917, 921 (6th Cir.2011). An ALJ is entitled to discount the medical opinion of a treating physician if it does not meet the above standards, provided that he gives "good reasons" for not according controlling weight. *Wilson*, 378 F.3d at 544.

*Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011).

Therefore, Plaintiff's objections on this issue are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's December 2, 2013 R&R (Doc. 14) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                  */s/ Michael R. Barrett*
                  Michael R. Barrett, Judge
                  United States District Court